FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2024 NOV 21 AM 8:03

MARGARET BOTKINS, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AXCESS GLOBAL SCIENCES, LLC, and PRUVIT VENTURES, INC., <br><br> Plaintiffs, <br><br> VS. <br><br> VITAL HEALTH INTERNATIONAL LLC, <br><br> Defendant. | Case No. 24-CV-0189-SWS |

## ORDER DENYING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE

This matter comes before the Court on Plaintiffs' Motion for Service by Alternative Means (ECF 6). Plaintiffs have attempted to serve the Defendant at multiple locations within Wyoming without success. Plaintiffs now ask the Court for leave to serve Defendant by email. For the reasons discussed below, the Court will deny the motion.

### BACKGROUND

Plaintiffs allege that Defendant markets and sells products that infringe three of its patents. Plaintiffs have attempted to serve Defendant at (1) Defendant's business address in Wyoming, (2) Defendant's registered agent's address, and (3) the address of the registered agent of Defendant's registered agent. On an unknown date, Plaintiffs requested a waiver of service from Defendants and have not yet received a response. Plaintiffs contend that Defendant has no presence in Wyoming and, rather, maintains its principal

1

place of business in Mexico. (ECF 6, Ex. A.) Thus, Plaintiffs request leave to alternatively serve Defendant at the email address provided on their website: contact@vitalhealthglobal.com. (ECF 1, Ex. D.) Plaintiffs also submitted an affidavit regarding service by publication.

## DISCUSSION

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Id.* (alteration in original) (quoting *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–445 (1946)).

Plaintiffs state that they sent a request for waiver of service to Defendant via electronic correspondence. Plaintiffs do not provide the date on which the request for waiver was sent, but, notably, the complaint was filed on September 23, 2024. Under Federal Rule of Civil Procedure 4(d)(1)(F), the waiver request must "give the defendant a reasonable time of at least 30 days after the request was sent—**or at least 60 days if sent to the defendant outside any judicial district of the United States**—to return the waiver." Fed. R. Civ. P. 4(d)(1)(F) (emphasis added). Plaintiffs concede that Defendant's primary place of business is in Mexico and thus outside any judicial district of the United States, and thus Plaintiff was required to wait 60 days for return of the waiver. Plaintiffs filed the instant motion for alternative service less than 60 days after the complaint was filed and thus presumably less than 60 days after the waiver request was sent—although

2

Plaintiffs did not provide the Court any details as to the request for waiver. Because Plaintiffs chose to ask Defendant to waive formal service, Plaintiffs must give Defendant sufficient opportunity to do so. Accordingly, Plaintiff's request for alternative service of process on Defendant is denied without prejudice. Plaintiffs may renew their motion for alternative service if they do not receive a response after 60 days from the date they requested waiver of formal service.

## CONCLUSION AND ORDER

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Alternative Service is hereby **DENIED** without prejudice to resubmission.

Dated this 20th day of November, 2024.

Scott W. Skavdahl
United States District Judge